IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

DERECK J. GARCIA PEREZ

Plaintiff

v.

UNIVERSITY OF PUERTO RICO, et al.

Defendants

CIVIL NO. 25-1654 (MAJ)

# ANSWER TO THE AMENDED COMPLAINT[1]

TO THE HONORABLE COURT:

**COME NOW** Co-Defendants Mercedes S. Ferrer Alameda ("Ferrer") and Héctor J. Carlo Colón ("Carlo"), in their individual capacities only, in compliance with the Court's Order at Docket No. 56 and without waiving the arguments raised in their pending Motion to Dismiss (Docket No. 48), through the undersigned counsel, and respectfully STATE and PRAY as follows:

## GENERAL ALLEGATIONS

1. All conclusions of law, including jurisdictional conclusions, contained in the Amended Complaint are disputed insofar as applicable to the factual allegations herein.

2. All factual allegations contained in the Amended Complaint, except those specifically admitted below, and only as qualified herein, are hereby denied.

3. The appearing Co-Defendants reserve the right to amend this Answer and the affirmative defenses set forth herein as deemed necessary.

[1] The appearing Co-Defendants file the Answer to the Amended Complaint in compliance with the Court's Order at ECF No. 56. To this date, their Motion to Dismiss for failure to state a claim, filed at ECF No. 48, is still pending adjudication. The instant Answer is filed without waiving said Motion, or any argument, defense, and request for dismissal raised therein.

## I. INTRODUCTION AND NATURE OF THE ACTION

1. Averment 1 does not require a responsive pleading by the appearing Co-Defendants inasmuch as it is a legal conclusion, but in the event that it does, it is denied.

2. Averment 2 is admitted as to Plaintiff being enrolled at the University of Puerto Rico, Mayagüez Campus ("RUM"), in the Industrial Engineering program, and that he represented to RUM that he has Level 1 autism spectrum disorder. It is also admitted that RUM's Office of Services for Students with Disabilities ("OSEI") determined that he was eligible for reasonable accommodations. The rest of the averment does not require a responsive pleading by the appearing Co-Defendants inasmuch as it refers to Co-Defendant University of Puerto Rico ("UPR"), constitutes a legal conclusion and Plaintiff's opinion, but in the event that it does, it is denied.

3. Averment 3 is admitted only as to Carlo being married to the then-Dean of the College of Engineering, who supervised the department, and as to Ferrer having been designated Interim Dean of the College of Engineering, effective May 7, 2026. Ferrer's August 28, 2025 e-mail (the "August 28 E-mail") speaks for itself, and any characterization inconsistent with its text is denied. It is denied that Ferrer refused to provide Plaintiff's accommodations. It is also denied that Carlo reproduced Plaintiff's confidential accommodations in detail in a faculty resolution and urged RUM to refuse them. The rest of the averment does not require a responsive pleading by the appearing Co-Defendants inasmuch as it refers to Co-Defendant UPR, constitutes a legal conclusion and Plaintiff's opinion, but in the event that it does, it is denied.

4. Averment 4 does not require a responsive pleading by the appearing Co-Defendants inasmuch as it is Plaintiff's request for relief, but in the event that it does, it is denied.

## II. PARTIES

**Plaintiff**

5. Averment 5 is admitted as to Plaintiff being enrolled at RUM in the Industrial Engineering program, and that he represented to RUM that he has Level 1 autism spectrum disorder. It is also admitted that OSEI determined that he was eligible for reasonable accommodations. The allegations as to Plaintiff's citizenship, his residence in Hormigueros, and his enrollment since 2019 are denied for lack of knowledge and/or information sufficient to form a belief as to their truth or falsity. The rest of the averment does not require a responsive pleading by the appearing Co-Defendants inasmuch as it constitutes a legal conclusion and Plaintiff's opinion, but in the event that it does, it is denied.

**Defendants**

6. Averment 6 is admitted only as to UPR being a public institution of higher education and an instrumentality of the Commonwealth of Puerto Rico, and as to RUM being one of its campuses. The rest of the averment does not require a responsive pleading by the appearing Co-Defendants inasmuch as it refers to Co-Defendant UPR, but in the event that it does, it is denied for lack of knowledge and/or information sufficient to form a belief as to its truth or falsity.

7. Averment 7 is admitted only as to the Board of Trustees being UPR's governing body. The rest of the averment does not require a responsive pleading by the appearing Co-Defendants inasmuch as it refers to Co-Defendant UPR and its Board of Trustees and constitutes a legal conclusion, but in the event that it does, it is denied.

8. Averment 8 is admitted as to its first two sentences. It is also admitted that Ferrer serves as an Academic Senator, and that she was designated Interim Dean of the College of Engineering, effective May 7, 2026. It is denied that Ferrer engaged in discriminatory practices against Plaintiff. The remainder of the averment does not require a responsive pleading by the

appearing Co-Defendants inasmuch as it is a legal conclusion, but in the event that it does, it is denied, except that it is admitted that the Dean of the College of Engineering has supervisory authority over the Department of Industrial Engineering, as stated in the response to Averment 52.

9. Averment 9 is admitted insofar as Carlo was a professor at RUM's Department of Industrial Engineering and is married to Cristina Pomales García ("Pomales"). It is denied that Carlo authored a proposed faculty resolution addressing academic accommodations. It is further denied that Carlo possessed the authority alleged in Averment 9. The remainder of the averment does not require a responsive pleading by the appearing Co-Defendants inasmuch as it is a legal conclusion, but in the event that it does, it is denied.

10. Averment 10 is admitted as to Pomales being married to Carlo and as to Pomales having served as Dean of the College of Engineering during part of the period referenced in the Amended Complaint. The rest of the averment does not require a responsive pleading by the appearing Co-Defendants inasmuch as it refers to Co-Defendant Pomales, in her official capacity, but in the event that it does, it is denied.

11. Averment 11 does not require a responsive pleading by the appearing Co-Defendants inasmuch as it refers to Co-Defendant Thyrzia M. Roura Cordero ("Roura"), in her official capacity, but in the event that it does, it is denied for lack of knowledge and/or information sufficient to form a belief as to its truth or falsity.

12. Averment 12 does not require a responsive pleading by the appearing Co-Defendants inasmuch as it refers to Co-Defendant Celines Alfaro Almeyda ("Alfaro"), in her official capacity, but in the event that it does, it is denied for lack of knowledge and/or information sufficient to form a belief as to its truth or falsity.

13. Averment 13 is admitted only as to UPR being an instrumentality of the Commonwealth of Puerto Rico. The rest of the averment does not require a responsive pleading by

the appearing Co-Defendants inasmuch as it refers to Co-Defendants UPR and the Board of Trustees and constitutes a legal conclusion, but in the event that it does, it is denied.

## III. JURISDICTION AND VENUE

14. Averment 14 does not require a responsive pleading by the appearing Co-Defendants inasmuch as it is a legal conclusion, but in the event that it does, it is denied.

15. Averment 15 does not require a responsive pleading by the appearing Co-Defendants inasmuch as it is a legal conclusion, but in the event that it does, it is denied.

16. Averment 16 does not require a responsive pleading by the appearing Co-Defendants inasmuch as it is a legal conclusion, but in the event that it does, it is denied.

17. Averment 17 is admitted only as to Plaintiff, or someone acting on his behalf, having filed complaints with the U.S. Department of Education's Office for Civil Rights ("OCR"). The rest of the averment does not require a responsive pleading by the appearing Co-Defendants inasmuch as it is a legal conclusion, but in the event that it does, it is denied.

18. Averment 18 does not require a responsive pleading by the appearing Co-Defendants inasmuch as it is a legal conclusion, but in the event that it does, it is denied.

## IV. FACTUAL ALLEGATIONS

### A. Plaintiff's disability and qualified status.

19. Averment 19 is admitted insofar as Plaintiff represented to RUM that he has Level 1 autism spectrum disorder. The rest of the averment is denied for lack of knowledge and/or information sufficient to form a belief as to its truth or falsity.

20. Averment 20 is denied for lack of knowledge and/or information sufficient to form a belief as to its truth or falsity.

21. Averment 21 is admitted only as to OSEI having determined that Plaintiff is eligible for reasonable accommodations. The rest of the averment is denied for lack of knowledge and/or information sufficient to form a belief as to its truth or falsity.

22. Averment 22 is denied for lack of knowledge and/or information sufficient to form a belief as to its truth or falsity.

**B. The Approved Accommodation Plan and the Study Guide Standard.**

23. Averment 23 is admitted only as to OSEI having approved an accommodation plan for Plaintiff, which speaks for itself; any characterization inconsistent with its terms is denied. The allegation that the plan was incorporated into the OCR agreements is denied for lack of knowledge and/or information sufficient to form a belief as to its truth or falsity. The rest of the averment is denied as it characterizes the documentation and constitutes a legal conclusion.

24. Averment 24 refers to OSEI's documentation of Plaintiff's accommodations, including what Plaintiff calls the "Study Guide Standard," which speaks for itself. Any characterization inconsistent with that documentation is denied.

**C. The 2020 OCR agreement.**

25. Averment 25 does not require a responsive pleading by the appearing Co-Defendants inasmuch as it refers to Co-Defendant UPR, but in the event that it does, it is denied for lack of knowledge and/or information sufficient to form a belief as to its truth or falsity.

26. Averment 26 does not require a responsive pleading by the appearing Co-Defendants inasmuch as it refers to Co-Defendant UPR, but in the event that it does, it is denied for lack of knowledge and/or information sufficient to form a belief as to its truth or falsity.

**D. The 2022 OCR mediation agreement.**

27. Averment 27 does not require a responsive pleading by the appearing Co-Defendants inasmuch as it refers to Co-Defendant UPR, but in the event that it does, it is denied for lack of knowledge and/or information sufficient to form a belief as to its truth or falsity.

28. Averment 28 does not require a responsive pleading by the appearing Co-Defendants inasmuch as it refers to Co-Defendant UPR, but in the event that it does, it is denied as it constitutes Plaintiff's characterization of the obligations of UPR.

29. Averment 29 does not require a responsive pleading by the appearing Co-Defendants inasmuch as it refers to Co-Defendant UPR, but in the event that it does, it is denied as it constitutes Plaintiff's characterization of the obligations of UPR.

**E. Professor Ferrer and the accommodations requested by Plaintiff.**

30. Averment 30 is admitted as to OSEI sending a communication to Plaintiff's professors and conducting an orientation regarding Plaintiff's accommodations in August 2025. It is further admitted that Ferrer attended that orientation. The rest of the averment is denied as it constitutes Plaintiff's characterization of the events.

31. Averment 31 is admitted insofar as Plaintiff communicated his concerns to OSEI on or about August 28, 2025, and Ferrer sent an e-mail on or about that date regarding the scope and implementation of some accommodations. the August 28 E-mail speaks for itself, and any characterization inconsistent with its text is denied. The rest of the averment is denied.

32. Averment 32 is denied as it constitutes Plaintiff's opinion. Plaintiff's allegation of intentional discrimination and bad faith intent by Ferrer is denied. Ferrer further states that the e-mail referred to by Plaintiff speaks for itself, and any characterization inconsistent with its text is denied.

33. Averment 33 is denied as it constitutes Plaintiff's opinion.

34. Averment 34 is admitted as to Plaintiff taking a quiz on or about September 4, 2025. The rest of the averment is denied.

35. Averment 35 is admitted as to OSEI holding a meeting with Ferrer on September 5, 2025, to address accommodation implementation. It is denied that Ferrer did not honor the commitments made at that meeting. The rest of the averment is denied as it constitutes Plaintiff's characterization of the meeting.

36. Averment 36 is admitted as to Ferrer proposing an alternative evaluation scheme. It is denied that it stripped Plaintiff of graded opportunities, or that it was discriminatory or unlawful. The rest of the averment is denied as it constitutes Plaintiff's characterization.

37. Averment 37 is admitted as to OSEI holding a meeting on or about September 26, 2025, with Plaintiff, OSEI personnel, Roura, and Ferrer, among others. It is further admitted that follow-up communications addressed the meeting notes, which speak for themselves. The rest of the averment is denied as it constitutes Plaintiff's characterization of the meeting and following events. It is denied that Ferrer engaged in a pattern of agreeing to accommodations and then repudiating them in bad faith.

38. Averment 38 is admitted as to Plaintiff taking an exam on or about October 15, 2025, and as to Plaintiff disagreeing with the evaluation and grading by Ferrer in said examination. The examination and its grading speak for themselves, and any characterization inconsistent with them is denied. The rest of the averment is denied as it constitutes Plaintiff's characterization.

39. Averment 39 is denied as it constitutes Plaintiff's characterization and opinion. It is denied that Ferrer penalized Plaintiff for any disability-related limitation in grading Examination No. 1. It is further denied that the exam contained ambiguous instructions and penalized Plaintiff for his literal interpretation, and that Ferrer discriminated against Plaintiff based on his alleged disability.

40. Averment 40 is admitted as to Plaintiff, or someone acting on his behalf, filing OCR complaints regarding his allegations of discrimination. Plaintiff's allegations of discrimination by Ferrer are denied as they constitute Plaintiff's opinion and legal conclusions.

**F. Professor Carlo and the Resolution.**

41. Averment 41 is denied as to Carlo drafting the Resolution referred to therein (the "Resolution"). It is also denied that Ferrer presented the Resolution to the Academic Senate and that she discriminated against Plaintiff by refusing him accommodations. The Resolution speaks for itself, and any characterization inconsistent with its text is denied.

42. Averment 42 refers to the Resolution, which speaks for itself. Any characterization inconsistent with its text, and Plaintiff's opinions about it, are denied.

43. Averment 43 refers to the Resolution, which speaks for itself; any characterization inconsistent with its text is denied. Moreover, it is denied that the Resolution disclosed Plaintiff's confidential accommodation information. It is denied that the Resolution constitutes evidence of discriminatory animus or retaliatory intent.

44. Averment 44 is admitted only as to the Academic Senate being an official governance body of RUM and as to the proposed Resolution having been presented through a faculty-governance process. The Resolution speaks for itself. The rest of the averment is denied as it constitutes Plaintiff's characterization and opinion.

45. Averment 45 is denied.

46. Averment 46 is denied as it constitutes Plaintiff's characterization and opinion. The Resolution speaks for itself, and any characterization inconsistent with its text is denied.

47. Averment 47 is denied as it constitutes Plaintiff's characterization and opinion. The Resolution speaks for itself. It is denied that it contravenes federal law.

48. Averment 48 is admitted only as to University counsel having addressed the status of the proposed Resolution after notice of this litigation, and as to the Resolution having been withdrawn and never adopted or applied to Plaintiff. The rest of the averment does not require a responsive pleading by the appearing Co-Defendants inasmuch as it refers to Co-Defendants UPR and Pomales, but in the event that it does, it is denied for lack of knowledge and/or information sufficient to form a belief as to its truth or falsity.

49. Averment 49 is denied. It is specifically denied that the Resolution was adopted or applied to Plaintiff, or that it remained under consideration in any manner that posed an actual or imminent threat to Plaintiff's accommodations.

50. Averment 50 is admitted only as to Carlo having published a blog post in 2023 concerning academic accommodations, which speaks for itself. It is denied that Carlo acted with discriminatory intent against Plaintiff. Moreover, the blog post referred to by Plaintiff was published nearly two years before Ferrer taught Plaintiff, and before the events alleged against Carlo in the Amended Complaint. Plaintiff's characterizations as to the contents of the blog post are denied as the document speaks for itself.

51. Averment 51 is denied as it constitutes Plaintiff's characterization and opinion. It is also denied that the 2023 blog post and the Resolution are evidence of a pattern of ideological opposition to disability accommodations that motivated the alleged conduct against Plaintiff, or a coordinated effort by Ferrer and Carlo.

**G. Dean Pomales' alleged conflict of interest.**

52. Averment 52 is admitted as to Pomales being married to Carlo and as to Pomales having served as Dean of the College of Engineering during part of the relevant period. It is also admitted that the Dean of the College of Engineering has supervisory authority over the Department of Industrial Engineering. Any allegation that the Dean has policymaking authority over

accommodations is denied as a legal conclusion. The rest of the averment does not require a responsive pleading by the appearing Co-Defendants inasmuch as it refers to Co-Defendant Pomales, in her official capacity, but in the event that it does, it is denied.

53. Averment 53 does not require a responsive pleading by the appearing Co-Defendants inasmuch as it refers to Co-Defendant Pomales, in her official capacity, but in the event that it does, it is denied.

54. Averment 54 does not require a responsive pleading by the appearing Co-Defendants inasmuch as it refers to Co-Defendant Pomales, in her official capacity, but in the event that it does, it is denied, except that it is admitted that the Dean of the College of Engineering has supervisory authority over the Department of Industrial Engineering, as stated in the response to Averment 52.

**H. OSEI's alleged Deliberate Indifference.**

55. Averment 55 does not require a responsive pleading by the appearing Co-Defendants inasmuch as it refers to Co-Defendant UPR, but in the event that it does, it is denied for lack of knowledge and/or information sufficient to form a belief as to its truth or falsity.

56. Averment 56 is denied as to Ferrer's "documented violations" as Ferrer did not violate Plaintiff's rights. The rest of the averment does not require a responsive pleading by the appearing Co-Defendants inasmuch as it refers to Co-Defendant UPR, but in the event that it does, it is denied for lack of knowledge and/or information sufficient to form a belief as to its truth or falsity.

57. Averment 57 is denied as to Ferrer and Carlo. The rest of the averment does not require a responsive pleading by the appearing Co-Defendants inasmuch as it refers to Co-Defendant UPR, but in the event that it does, it is denied.

**I. Counselor Alfaro's alleged failure to provide services.**

58. Averment 58 does not require a responsive pleading by the appearing Co-Defendants inasmuch as it refers to Co-Defendant Alfaro, in her official capacity, but in the event that it does, it is denied.

59. Averment 59 does not require a responsive pleading by the appearing Co-Defendants inasmuch as it refers to Co-Defendant Alfaro, in her official capacity, but in the event that it does, it is denied.

**J. Alleged harm to Plaintiff.**

60. Averment 60 does not require a responsive pleading by the appearing Co-Defendants inasmuch as it refers to Co-Defendant UPR, but in the event that it does, it is denied.

61. Averment 61 does not require a responsive pleading by the appearing Co-Defendants inasmuch as it refers to Co-Defendant UPR, but in the event that it does, it is denied for lack of knowledge and/or information sufficient to form a belief as to its truth or falsity.

62. Averment 62 is denied as to Ferrer refusing to provide Plaintiff with reasonable accommodations. the August 28 E-mail speaks for itself, and any characterization inconsistent with its text is denied. It is admitted that Ferrer was designated Interim Dean of the College of Engineering, effective May 7, 2026. The rest of the averment does not require a responsive pleading by the appearing Co-Defendants inasmuch as it refers to Co-Defendant UPR, but in the event that it does, it is denied, except that it is admitted that the Dean of the College of Engineering has supervisory authority over the Department of Industrial Engineering, as stated in the response to Averment 52.

63. Averment 63 is denied as to the reference that Ferrer refused to provide Plaintiff with reasonable accommodations. the August 28 E-mail, and any characterization inconsistent with its text is denied. Plaintiff's claims of intentional discrimination by Ferrer are also denied. The rest of

the averment does not require a responsive pleading by the appearing Co-Defendants inasmuch as it refers to Co-Defendant UPR, but in the event that it does, it is denied, except that it is admitted that the Dean of the College of Engineering has supervisory authority over the Department of Industrial Engineering, as stated in the response to Averment 52.

64. Averment 64 is denied.

65. Averment 65 is denied for lack of knowledge and/or information sufficient to form a belief as to its truth or falsity.

66. Averment 66 is denied for lack of knowledge and/or information sufficient to form a belief as to its truth or falsity.

67. Averment 67 is denied.

**K. Allegations of intentional discrimination and institutional responsibility.**

68. Averment 68 is denied as to Ferrer and Carlo engaging in intentional and purposeful discrimination and retaliation, and acting because of Plaintiff's disability and assertion of his federally protected rights.

69. Averment 69 is admitted as to Ferrer and Carlo acting within the scope of their authority as officials and agents of the UPR. Plaintiff's allegations of their intentional, disability-based differential treatment of him are denied.

70. Averment 70 is denied as to Ferrer and Carlo. The rest of the averment does not require a responsive pleading by the appearing Co-Defendants inasmuch as it refers to Co-Defendant UPR, but in the event that it does, it is denied.

71. Averment 71 does not require a responsive pleading by the appearing Co-Defendants inasmuch as it refers to Co-Defendant UPR, but in the event that it does, it is denied.

## V. CAUSE OF ACTION

## COUNT I

72. In response to Averment 72, the appearing Co-Defendants reallege and incorporate their responses to Averments 1 through 71 as if fully set forth herein.

73. Averment 73 does not require a responsive pleading by the appearing Co-Defendants inasmuch as it is a legal conclusion, but in the event that it does, it is denied.

74. Averment 74 does not require a responsive pleading by the appearing Co-Defendants inasmuch as it refers to Co-Defendant UPR and is a legal conclusion, but in the event that it does, it is denied.

75. Averment 75 does not require a responsive pleading by the appearing Co-Defendants inasmuch as it refers to Co-Defendant UPR and is a legal conclusion, but in the event that it does, it is denied.

76. Averment 76 is denied as to Ferrer refusing to provide Plaintiff's reasonable accommodations, proposing to eliminate grade components available to other students, and deducting points in an examination in violation of Plaintiff's alleged accommodations. Ferrer's e-mails speak for themselves, and any characterization inconsistent with its text is denied. The rest of the averment does not require a responsive pleading by the appearing Co-Defendants inasmuch as it refers to Co-Defendant UPR and is a legal conclusion, but in the event that it does, it is denied.

77. Averment 77 does not require a responsive pleading by the appearing Co-Defendants inasmuch as it refers to Co-Defendant UPR and is a legal conclusion, but in the event that it does, it is denied.

78. Averment 78 is denied as to alleged violations by Ferrer. The rest of the averment does not require a responsive pleading by the appearing Co-Defendants inasmuch as it refers to Co-Defendant UPR and is a legal conclusion, but in the event that it does, it is denied.

79. Averment 79 is denied as to Ferrer and Carlo, including that their conduct was purposeful, was undertaken because of Plaintiff's disability, or violated the Equal Protection Clause. The rest of the averment does not require a responsive pleading by the appearing Co-Defendants inasmuch as it refers to Co-Defendant UPR and is a legal conclusion, but in the event that it does, it is denied.

80. Averment 80 does not require a responsive pleading by the appearing Co-Defendants inasmuch as it refers to Co-Defendant UPR and is a legal conclusion, but in the event that it does, it is denied.

## COUNT II

81. In response to Averment 81, the appearing Co-Defendants reallege and incorporate their responses to Averments 1 through 80 as if fully set forth herein.

82. Averment 82 does not require a responsive pleading by the appearing Co-Defendants inasmuch as it is a legal conclusion, but in the event that it does, it is denied.

83. Averment 83 is denied as to Ferrer and Carlo submitting Plaintiff to discrimination by reason of his disability, by denying him the academic adjustments necessary to ensure equal access to the University's programs. The rest of the averment does not require a responsive pleading by the appearing Co-Defendants inasmuch as it is a legal conclusion, but in the event that it does, it is denied.

84. Averment 84 does not require a responsive pleading by the appearing Co-Defendants inasmuch as it is addressed to Co-Defendant UPR and is a legal conclusion, but in the event that it does, it is denied.

85. Averment 85 does not require a responsive pleading by the appearing Co-Defendants inasmuch as it is addressed to Co-Defendant UPR, is a legal conclusion and makes reference to his prayer for relief against said Co-Defendant, but in the event that it does, it is denied.

## COUNT III

86. In response to Averment 86, the appearing Co-Defendants reallege and incorporate their responses to Averments 1 through 85 as if fully set forth herein.

87. Averment 87 does not require a responsive pleading by the appearing Co-Defendants inasmuch as it is a legal conclusion, but in the event that it does, it is denied.

88. Averment 88 is admitted only as to Plaintiff, or someone acting on his behalf, having filed OCR complaints. The rest of the averment does not require a responsive pleading by the appearing Co-Defendants inasmuch as it is addressed to Co-Defendant UPR and is a legal conclusion, but in the event that it does, it is denied.

89. Averment 89 is denied as to the allegations against Ferrer and Carlo. The rest of the averment does not require a responsive pleading by the appearing Co-Defendants inasmuch as it refers to Co-Defendant UPR and is a legal conclusion, but in the event that it does, it is denied.

90. Averment 90 is denied as to the existence of a causal connection between Plaintiff's protected activity and alleged adverse actions by Ferrer and Carlo. The rest of the averment does not require a responsive pleading by the appearing Co-Defendants inasmuch as it refers to Co-Defendant UPR and is a legal conclusion, but in the event that it does, it is denied.

91. Averment 91 is denied as to the alleged materially adverse action being the escalating conduct, drafting and public presentation of the Resolution. The rest of the averment does not require a responsive pleading by the appearing Co-Defendants inasmuch as it refers to Co-Defendant UPR and is a legal conclusion, but in the event that it does, it is denied.

92. Averment 92 is denied for lack of knowledge and/or information sufficient to form a belief as to its truth or falsity as to Plaintiff's alleged injuries, and it is denied that any act or omission by Ferrer or Carlo caused them. The rest of the averment does not require a responsive pleading by

the appearing Co-Defendants inasmuch as it refers to Co-Defendant UPR and is a legal conclusion, but in the event that it does, it is denied.

## COUNT IV

93. In response to Averment 93, the appearing Co-Defendants reallege and incorporate their responses to Averments 1 through 92 as if fully set forth herein.

94. Averment 94 does not require a responsive pleading by the appearing Co-Defendants inasmuch as it is a legal conclusion, but in the event that it does, it is denied.

95. Averment 95 does not require a responsive pleading by the appearing Co-Defendants inasmuch as it is a legal conclusion, but in the event that it does, it is denied.

96. Averment 96 is admitted only as to Ferrer and Carlo having been employed by UPR during the relevant period. The rest of the averment does not require a responsive pleading by the appearing Co-Defendants inasmuch as it constitutes legal conclusions, but in the event that it does, it is denied.

97. Averment 97 is admitted only as to Plaintiff having been enrolled in a course taught by Ferrer during the Fall 2025 semester. The rest of the averment is denied.

98. Averment 98 is admitted only as to Carlo having published the 2023 blog post referred to in Averment 50, which speaks for itself. The rest of the averment is denied.

99. Averment 99 is denied.

100. Averment 100 is denied.

## COUNT V

101. In response to Averment 101, the appearing Co-Defendants reallege and incorporate their responses to Averments 1 through 100 as if fully set forth herein.

102. Averment 102 does not require a responsive pleading by the appearing Co-Defendants inasmuch as it is a legal conclusion, but in the event that it does, it is denied.

103. Averment 103 does not require a responsive pleading by the appearing Co-Defendants inasmuch as it is addressed to Co-Defendant UPR and is a legal conclusion, but in the event that it does, it is denied.

104. Averment 104 does not require a responsive pleading by the appearing Co-Defendants inasmuch as it is addressed to Co-Defendant UPR and is a legal conclusion, but in the event that it does, it is denied for lack of knowledge and/or information sufficient to form a belief as to its truth or falsity.

105. Averment 105 does not require a responsive pleading by the appearing Co-Defendants inasmuch as it is addressed to Co-Defendant UPR and is a legal conclusion, but in the event that it does, it is denied.

106. Averment 106 does not require a responsive pleading by the appearing Co-Defendants inasmuch as it is addressed to Co-Defendant UPR and is a legal conclusion, but in the event that it does, it is denied for lack of knowledge and/or information sufficient to form a belief as to its truth or falsity.

## COUNT VI

107. In response to Averment 107, the appearing Co-Defendants reallege and incorporate their responses to Averments 1 through 106 as if fully set forth herein.

108. Averment 108 does not require a responsive pleading by the appearing Co-Defendants inasmuch as it is a legal conclusion, but in the event that it does, it is denied.

109. Averment 109 does not require a responsive pleading by the appearing Co-Defendants inasmuch as it is addressed to Co-Defendant UPR and is a legal conclusion, but in the

event that it does, it is denied for lack of knowledge and/or information sufficient to form a belief as to its truth or falsity.

110. Averment 110 is denied as to Ferrer subjecting Plaintiff to unwelcome harassment because of his disability, directed at his disability or disability-based accommodations; refusing to implement Plaintiff's accommodations; agreeing to accommodations to later repudiate them; and deducting points in an exam in a manner that penalized the disability-related limitations that Plaintiff's accommodations were designed to address. Ferrer's e-mail speaks for itself, and any characterization inconsistent with its text is denied. It is also denied that Carlo authored a Resolution that Ferrer later presented to the Academic Senate, which reproduced Plaintiff's exact and confidential accommodations and urged their refusal.

111. Averment 111 is denied as to any disability-based harassment by Ferrer and Carlo. The rest of the averment does not require a responsive pleading by the appearing Co-Defendants inasmuch as it refers to Co-Defendant UPR and is a legal conclusion, but in the event that it does, it is denied.

112. Averment 112 is denied as to any disability-based harassment by Ferrer and Carlo. The rest of the averment does not require a responsive pleading by the appearing Co-Defendants inasmuch as it refers to Co-Defendant UPR and is a legal conclusion, but in the event that it does, it is denied.

113. Averment 113 does not require a responsive pleading by the appearing Co-Defendants inasmuch as it is a legal conclusion and Plaintiff's prayer for relief, but in the event that it does, it is denied.

## VI. JURY TRIAL DEMANDED

114. Averment 114 does not require a responsive pleading by the appearing Co-Defendants inasmuch as it is Plaintiff's request for a jury trial.

## PRAYER FOR RELIEF

The prayer for relief does not require a responsive pleading by the appearing Co-Defendants, but in the event that it does, it is denied.

## AFFIRMATIVE DEFENSES

1. This Court lacks jurisdiction over the subject matter in the instant action.

2. The Amended Complaint fails to state a claim upon which relief may be granted against the appearing Co-Defendants.

3. The Amended Complaint fails to state a claim cognizable under any applicable federal statute or state law.

4. The Amended Complaint fails to state specific acts by the appearing Co-Defendants which amount to a deprivation of any of Plaintiff's constitutionally protected rights.

5. The Amended Complaint fails to state the necessary elements under 42 U.S.C. § 1983 and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

6. The appearing Co-Defendants are not liable under 42 U.S.C. § 1983 and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, because they did not discriminate against Plaintiff on the basis of disability.

7. The claims against the appearing Co-Defendants do not rise to the level of a constitutional violation; therefore, they are not cognizable under 42 U.S.C. § 1983 or the Fourteenth Amendment to the United States Constitution.

8. Plaintiff has not been deprived of any federally protected right or privilege by the appearing Co-Defendants

9. . The Amended Complaint fails to allege any specific acts or omissions by the appearing Co-Defendants as required by 42 U.S.C. § 1983 and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution; therefore, no relief can be granted.

10. The Amended Complaint fails to state the type of ill motive or intent by the appearing Co-Defendants actionable under 42 U.S.C. § 1983 and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

11. Plaintiff lacks standing to assert the claims asserted in the Amended Complaint.

12. Plaintiff's claims are barred by the doctrine of estoppel, as Plaintiff cannot act contrary to his own prior acts.

13. Plaintiff's claims asserted in the Amended Complaint are not justiciable.

14. Plaintiff's claims asserted in the Amended Complaint are not ripe.

15. Plaintiff's claims asserted in the Amended Complaint are moot.

16. All or part of the Amended Complaint is barred by the unclean hands doctrine.

17. The appearing Co-Defendants are not personally involved in the alleged violations of Plaintiff's protected rights.

18. The appearing Co-Defendants, at all times, acted according to law and in good faith in the performance of their duties.

19. Plaintiff is not entitled to punitive damages because the Amended Complaint does not plausibly allege conduct motivated by evil motive or intent or involving reckless or callous indifference to Plaintiff's federally protected rights.

20. Plaintiff's alleged damages result from a pre-existing condition or an intervening cause.

21. Plaintiff's claims and damages are speculative and nonexistent.

22. Co-Defendants Ferrer and Carlo are entitled to qualified immunity in their individual capacities.

23. The complaint is time-barred, in whole or in part, by the applicable one-year statute of limitation, which was not tolled pursuant to the laws of Puerto Rico.

25. Assuming *arguendo* that Plaintiff is entitled to any relief, which the appearing Co-Defendants deny, he is not entitled to recover damages under 42 U.S.C. § 1983 or the Fourteenth Amendment to the United States Constitution, nor is he entitled to punitive damages.

26. Assuming *arguendo* that Plaintiff is entitled to any relief, which the appearing Co-Defendants deny, he has failed to mitigate damages. The alleged damages should be denied or reduced to the extent that he failed to fulfill such a duty.

27. The Amended Complaint fails to state specific facts adequate to show that Plaintiff suffered any damages as a result of the alleged acts by the appearing Co-Defendants. Therefore, Plaintiff is not entitled to any damages or any other relief.

28. Assuming *arguendo* that Plaintiff is entitled to any relief, which the appearing Co-Defendants deny, then the damages claimed are not proportional to what allegedly happened to him and what he allegedly suffered as the result of the alleged disability-based discrimination.

29. Plaintiff's claims are precluded by the doctrines of abstention, *res judicata*, waiver, laches, claim preclusion, issue preclusion and/or collateral estoppel, and release.

30. Any damages suffered by Plaintiff were caused by his own conduct as he is directly responsible for the events that gave rise to the Amended Complaint, and not the result of any act or omission that can be attributed to the appearing Co-Defendants.

31. The appearing Co-Defendants' actions, if any, were objectively reasonable in light of the facts and circumstances confronting them.

32. There is no causal connection between any acts or omissions that may be attributed to the appearing Co-Defendants and the alleged damages suffered by Plaintiff.

33. Plaintiff failed to join required parties under Fed. R. Civ. P. 19.

34. The appearing Co-Defendants did not have a culpable state of mind.

35. The alleged actions are neither the proximate cause nor the efficient intervening cause of the damages alleged in the Amended Complaint.

36. Plaintiff's claims for special damages fail because they were not specifically stated as required by Fed. R. Civ. P. 9(g).

37. The damages claimed by Plaintiff are excessive and unreasonable.

38. Plaintiff is not entitled to recover attorney's fees, expert witness fees, costs and other litigation expenses.

39. The appearing Co-Defendants cannot be held liable for acts, omissions, fault or negligence, if any, of third parties that are not properly included as defendants in this case.

40. The appearing Co-Defendants did not discriminate against Plaintiff based on disability.

41. Plaintiff was not similarly situated to the students he identifies, and the Amended Complaint identifies no comparator who was treated more favorably.

42. Any action by Ferrer concerning the administration of Plaintiff's accommodations rested on legitimate academic and administrative considerations, not on Plaintiff's disability.

43. The conduct attributed to Carlo consisted, at most, of participation in faculty-governance processes concerning a proposal that was never adopted or applied to Plaintiff.

44. The Equal Protection Clause does not require State actors to provide accommodations to individuals with disabilities, and disability-based distinctions are subject only to rational-basis review.

45. Any allegation that has not been expressly and specifically admitted is denied by the appearing Co-Defendants.

46. The appearing Co-Defendants reserve the right to seek leave, pursuant to Fed. R. Civ. P. 15(a), to amend this Answer to raise any other affirmative defense that may arise as a result of discovery, and to seek the joinder of any other party as the Federal Rules of Civil Procedure permit.

47. The appearing Co-Defendants do not waive any other affirmative defense that may arise during discovery proceedings.

**WHEREFORE**, the appearing Co-Defendants respectfully request and pray that this Honorable Court dismiss Count IV of the Amended Complaint as to the appearing Co-Defendants in their individual capacities, with prejudice.

**I HEREBY CERTIFY** that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record to their addresses of record.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 24th day of November 2026.

**LOURDES L. GÓMEZ TORRES**
Secretary of Justice

**TANIA L. FERNÁNDEZ MEDERO**
Deputy Secretary in Charge of Litigation

**JOSUÉ N. TORRES CRESPO**
Director of Federal Litigation and Bankruptcy Division

*S/ Idza Díaz Rivera*
**IDZA DÍAZ RIVERA**
USDC No. 223404
Department of Justice of Puerto Rico
Federal Litigation Division
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Tel. 787-721-2900, Ext. 1421
Email: idiaz@justicia.pr.gov,